For Defendant: Walter I. Sundlun and William G. Troy.

---

# SUPERIOR COURT

Walter Simpson Company  
      vs.          No. 61376  
American Surety Company  
of New York

RESCRIPT.

February 5, 1925.

TANNER, P. J. This is an action of covenant upon a bond or contract to indemnify the plaintiff against misappropriations of an employee. The case is heard upon demurrer to certain pleas.

The second plea to the first and second counts is to the effect that the writing obligatory purports to be the joint obligation of the defendant and

the employee but that the employee did not sign the writing and it is, therefore, null and void.

We think upon the plaintiff's authorities that the writing obligatory was the separate obligation of the defendant and there was, therefore, no necessity that the writing should be signed by the employee.

We think the plea is bad because it raises no issue of fact. The fact that the writing is not signed by the employee is admitted in the declaration. It is, therefore, unnecessary to raise any issue upon that point. The plea is also bad in concluding with a verification.

The fourth plea to the first and second counts is also demurred to.

While the plea might have been more certain, it is reasonably certain that it is intended to cover the amounts alleged to have been embezzled during the time covered by the defendant's obligation. As argued by the defendant, it really amounts to a denial of the defalcation as alleged. It should conclude to the contrary.

For this last reason the demurrer is sustained.

The sixth plea to the first and second counts is also demurred to.

The demurrer is upon the ground of duplicity. Plaintiff argues that because the plea denies in one plea the performance of several different conditions precedent to the action as alleged in the declaration, the plea is therefore double. We do not think so. If the declaration may properly, as it does, state in one count performance of several conditions precedent to the right of action, we do not think it renders the plea double to deny the performance of those conditions precedent in one plea. The denial that any loss was suffered through the dishonesty of the principal was also included in this plea. This, too, is alleged as a ground of duplicity. If

the plea were reciting new grounds of defence instead of merely denying all the grounds of action that are given in a single count, it might be double, but traversing all the different elements alleged in a single count as constituting a cause of action is merely akin to filing a general issue, which has this same effect of traversing all the different elements alleged as constituting a cause of action, including the performance of conditions precedent. The plea is, however, defective in concluding with a verification.

For this last reason only the demurrer is sustained.

Demurrers are also filed to the first, second, third and fourth pleas to the third and fourth counts.

The third count is a special count in assumpsit of said writing obligatory. The fourth count is a common count.

The defendant admits that the first ground of demurrer is well taken.

The second plea is the same as the second plea to the first and second counts and we think is bad for the reasons already given.

As to the demurrer to the third and fourth pleas, the defendant seeks to attack the counts themselves by searching the record and urging that a breach of the writing obligatory will only give rise to an action of debt on covenant and not to special assumpsit.

The plaintiff has a right to file counts in assumpsit in an action of covenant when in doubt as to the form of action. We are not prepared to say upon demurrer only that the plaintiff is not in doubt as to his form of action. Exhibit A seems to us to indicate that the only signature under seal was that of the plaintiff. If this be true, it may be the reason why the plaintiff is in doubt as to the form of action.

Defendant also argues that common counts couldn't possibly lie upon this writing obligatory. It may be that if the plaintiff has one cause of action in covenant and another distinct cause of action in assumpsit, he can not join the two in one action, but as already indicated, if it should appear that the writing obligatory is not under seal, or is merely special assumpsit, we see no reason why other distinct causes of action in assumpsit under the common counts could not be added rather than to split different causes of action of the same general nature.

For these reasons the demurrer is sustained.

For plaintiff: Waterman & Greenlaw.

For defendant: Comstock & Canning.